UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:18-cv-02314-MCS-JEM | Date | January 4, 2021 |
| Title | *Garcia v. Harkins Administrative Services, Inc., et al.* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:** (IN CHAMBERS) ORDER GRANTING FINAL SETTLEMENT APPROVAL AND FEES, COSTS, AND OTHER AWARDS (ECF NO. 45)

Plaintiffs Adan Garcia and Jacob Bailey, on behalf of themselves and all others similarly situated, sued Defendant Harkins Administrative Services, Inc., asserting the following allegations:

"Defendant violated various California Labor Code sections by failing to provide proper meal and rest breaks, failing to pay the correct wages for all hours worked, failing to timely pay final wages, failing to provide accurate and complete wage statements, and other related claims, as well as derivative penalty claims, including related claims under the Labor Code Private Attorneys General Act ('PAGA')."

*See* Mot. for Final Settlement Approval and Fees at 2; *see also* Second Am. Class Action Compl. ("SAC"), ECF No. 34. The parties have reached a settlement and Plaintiffs now move for final settlement approval and for fees, costs, and other funds. *See* Mot. for Final Settlement Approval and Fees. Defendant does not oppose either motion.

The Court GRANTS Plaintiff's motion for final settlement approval and motion for fees.

1. **BRIEF BACKGROUND**

On June 4, 2020 this Court preliminarily approved the parties' settlement, "subject to an increase of the PAGA allocation of $90,000, and a slight reduction in the incentive awards to the named Plaintiffs." Order Re Pls.' Motion for Prelim. Approval at 2. The Court also ordered the parties to ensure the Proposed Notice "reflect the modifications as to attorney's fees and incentive awards" in the preliminary approval order. *Id*. at 21. The parties made these changes. Additionally, Simpluris, Inc., the parties' settlement administrator, was able to deliver the court-approved notice materials to 1,592 class members, with only seven notices remaining undeliverable. Cita Decl. ¶¶ 5-8. Simpluris, Inc. has not received any objections to the settlement and has only received four opt-out requests. *Id.* at ¶¶ 10, 11.

This settlement provides for a total settlement amount of $1.20 million. The total net settlement amount to be distributed to all the class members is $747,277.43. Mot. for Final Settlement Approval and Fees at 2. Plaintiffs request an attorney fee award of $300,000, equivalent to 25% of the total settlement amount. *Id*. The distribution of the total settlement amount is as follows.

|  | Amount | Payee |
|---|---|---|
| Net Settlement Amount | $747,277.43 | Class Members |
| Attorney Fees | $300,000 | Class Counsel |
| Litigation Costs | $18,898.02 | Class Counsel |
| Class Representative Service Awards | $9,500 | Class Representatives |
| Settlement Administrator Costs | $12,100 | Settlement Administrator |
| PAGA payment to LWDA | $67,500 | Labor and Workforce Development Agency |
| Employer Taxes | $44,724.55 | / |

| | |
|---|---|
| *Total Settlement Amount* | *$1,200,000.00* |

## 2. FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court first considers Plaintiffs' motion for final approval, finding that final settlement approval is warranted here.

### 2.1 Legal Standard

A court can approve a class action settlement that binds class members "only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Ninth Circuit Court of Appeals has listed several factors that courts must balance to decide whether to approve a class action settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004). These factors are as follows:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement."

*See id.* at 575. Additionally, district courts analyze the contents of the notice to the class and whether the settlement was "the product of collusion among the negotiating parties." *See id.* at 575-76. "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

The Court is not required to rely on every factor in every case. Under some circumstances, the presence of a single factor may provide sufficient grounds for court approval. *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quotation marks, citations, and notations omitted). Finally, "strong judicial policy .

. . favors settlements." *Churchill Vill., LLC*, 361 F.3d at 576 (quoting *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir.1992)).

### 2.2 Analysis

Here, the relevant *Churchill* factors weigh in favor of final approval of the settlement. First, the Court is satisfied that the settlement is based on a sufficient understanding of the strength of the case. Parties engaged in discovery efforts that involved "substantial informal exchange of information and documents that enabled both sides and their respective experts to analyze time records and paystubs of nearly 250,000 shifts worked by the putative class, evaluate policies and procedures that were applicable to the claims, and . . . exchange[] briefs and arguments." Mankin Decl. ¶ 10. Based on the understanding of the case, parties attended mediation conducted by an "experienced wage-and-hour mediator." *Id*. ¶ 11. There is also no evidence of collusion amongst the parties. Order Re Pls.' Motion for Prelim. Approval at 14. The Court thus finds the parties reached the settlement based on arms-length negotiations with an "experienced wage-and-hour mediator." *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (explaining that courts in the Ninth Circuit "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution"); Mankin Decl. ¶ 11.

Next, the Court finds that "the risk, expense, complexity, and likely duration of further litigation" were substantial here. *See Churchill Vill., L.L.C.*, 361 F.3d at 575. Absent settlement, "the parties would have to engage in further litigation, including class certification and, if certified, additional discovery on merits and damages issues." Mot. for Final Settlement Approval and Fees at 9. Plaintiff would have faced a potential motion for summary judgment. *Id*. There is risk that "[t]he time and expense of continued litigation . . . could potentially outweigh any additional recovery obtained through successful litigation." *Id*. Counsel also has experience in these types of cases, as they have handled numerous employment related class actions. Mankin Decl. ¶ 3; Lauby Decl. ¶ 7. Therefore, Plaintiff's counsel came to a sound conclusion when settling this matter as opposed to continuing the litigation.

This settlement also provides a meaningful relief to class members. The highest payment to a class member will be about $1,679.79 and average payment will be set at "approximately $468.51." Cita Decl. ¶ 14. $67,500 will also be distributed as proper civil penalties to the Labor and Workforce Development Agency. *Id.* at ¶ 13.

Finally, the Court considers the class members' reaction to the settlement. Simpluris, Inc. has delivered all but seven class notices and has not received any objections from class members. Cita Decl. ¶¶ 8, 11. Only four class members submitted opt-out requests. *Id.* at ¶ 10. Lack of objection aids in showing a positive reaction to the class settlement. The Court thus finds the settlement is fair, reasonable, and adequate. *See Churchill Vill.*, 361 F.3d at 577.

The Court GRANTS final approval of the class settlement.

### 3.  ATTORNEY FEES

#### 3.1  Legal Standard

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). But this "discretion must be exercised so as to achieve a reasonable result." *Id.*

In assessing a request for attorney fees, courts consider several factors. These factors may include: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008). "[C]ourts often compare the fee counsel seeks as a percentage with what their hourly bills would amount to under the lodestar analysis." *Id*. at 1048.

#### 3.2  Analysis

Plaintiff seeks an award of $300,000 in attorney fees. Mot. for Final Settlement Approval and Fees at 11. The Court has previously approved of this award and reaffirms its approval. Order Re Pls.' Mot. for Prelim. Approval at 19, 20.

The Court begins by considering the results achieved by the settlement because "the most critical factor" in assessing a request for fees "is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Here, the total

settlement fund provides relief to class members related to their harms. To reach this settlement, Plaintiff's counsel engaged in an "informal discovery process necessary to prepare for mediation," participated in mediation, and "negotiated the settlement." Mankin Decl. ¶ 10, 11, 16. Parties also adjusted the requested amount based on the Court's view of the results achieved by this litigation. Order Re Pls.' Mot. for Prelim. Approval at 20.

The Ninth Circuit applies 25% of the common fund as the "benchmark" award for attorney fees. *Staton*, 327 F.3d at 968. This is the exact amount Plaintiff seeks and that the Court previously set as a reasonable amount of attorneys' fees. *See* Mot. for Final Settlement Approval and Fees at 13-18; *see also* Order Re Pl.'s Mot. for Prelim. Approval at 20.

This Court's conclusion is consistent with a holistic approach to fees, and an understanding of what "rough justice" requires in this case. *See Fox v. Vice*, 563 U.S. 826, 838 (2011). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Id*. Indeed, "District Court judges should award fees based on an overall global understanding and review of a case, rather than on a tedious review of voluminous time entries and hourly rates." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1335 (C.D. Cal. 2015), *appeal dismissed* (Feb. 18, 2016).

In sum, the Court finds that class counsel is entitled to a reasonable attorney fee award of $300,000. The Court thus GRANTS Plaintiffs' motion for attorney fees.

## 4. OTHER FUNDS

Plaintiffs also seek $12,100 in settlement administrator costs, $18,898.02 in litigation costs, and $7,500 to Adan Garcia and $2,000 to Jacob Bailey in class representative service awards. Mot. for Final Settlement Approval and Fees at 19-21. The Court previously set or approved these amounts (including a higher amount for the litigation costs and settlement administrator costs) at the preliminary approval stage. Order Re Pls.' Motion for Prelim. Approval at 19, 20. The Court affirms that conclusion here. The requested costs are fair and reasonable considering the nature and complexity of this case, as well as the expenses incurred prosecuting and settling this matter.

The Court APPROVES the requested costs and awards.

## 5. DISPOSITION

The Court GRANTS Plaintiffs' motion for final settlement approval and motion for fees. The Court also grants the Parties' proposal of "submitting a final report in the form of a declaration from the Settlement Administrator (setting forth the money that was actually paid to the class members and potentially to the State Controller) within 9 months" from the date this Order is issued. Mot. for Final Settlement Approval and Fees at 21. Finally, the Court also approves of the Parties' proposed method of handling any uncashed checks. *Id.*

Plaintiff is ordered to submit a *SIMPLE, REVISED PROPOSED JUDGMENT* dismissing this case within fourteen (14) days of this order. No further order is necessary.

**IT IS SO ORDERED.**